## HOLT AND JOHNSON *v.* HAYES.

### (*Nashville.*    December Term, 1902.)

1. **TRESPASS.** **Measure of damages for, in cutting timber.** **The** "mild" and the "harsh" rule.

    There are two rules for the computation of damages in cases of trespass for cutting timber as in cases of mining trespass, sometimes designated as the "mild" and the "harsh" rule. The *mild rule* is applied where the wrong was innocently done, by mistake or inadvertence and charges the trespasser with the value of the timber standing in the tree. The *harsh rule* is applied where the trespass is shown to have been malicious or with full knowledge of the title of the owner, and in willful disregard of his rights, and charges the wrongdoer with the value of the timber after severance and in the form it may be prepared, or converted, for the market, without deduction or compensation for the expense of cutting and preparing for market. (*Post, p.* 45.)

    Case cited and approved: Dougherty v. Chesnutt, 86 Tenn., 1, 9, 10.

2. **SAME.** **Same.** Case in judgment.

    Complainants, the owners of certain lands, sue for the conversion of certain timber cut therefrom by L. and B., trespassers, without claim of right, and by them sold to defendant. Before defendant had notice of the trespass, he had purchased timber of the value of $43.50 standing in the tree; after notice and without regard thereto, he purchased other timber of the value of $77 in the tree but worth $246.40 in stave bolts delivered at his factory, in which form L. and B., after severance from complainants' land, prepared said timber and sold and delivered it

Holt and Johnson v. Hayes.

to defendant. Insistence by defendant that he was liable only for the value of the timber standing in the tree; complainant contends for application of "harsh" rule above stated. *Held:*

First. The "mild" rule applies to the timber purchased before notice to defendant of the trespass;

Second. The "harsh" rule applies to all the timber purchased after notice that L. and B. were trespassers, charging defendant with the value of the timber in its manufactured state as delivered to him. (*Post, pp.* 43-46.)

## FROM HUMPHREYS.

Appeal from the Chancery Court of Humphreys County.—J. S. GRIBBLE, Chancellor.

ROBERT T. SHANNON and J. F. SHANNON, for Holt & Johnson.

T. L. LANIER and PATTERSON & STRATTON, for Hayes.

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an action brought for the conversion of timber, on the following facts: Will Lashlee and Henry Brown went upon the land of the complainants as pure trespassers, without any bona fide claim of right, and cut and hauled timber therefrom, and sold it to the defendant.

Before defendant had any notice of the trespass of the said Lashlee and Brown, he purchased from them 43½

cords of wood, of the value of one dollar per cord standing in the tree, or $43.50 for the whole.

Complainants then notified the defendant that Lashlee and Brown were trespassing upon their lands in cutting and removing timber, and requested him to buy no more of them. The defendant refused to heed the notice, or comply with the request, but thereafter bought from Lashlee and Brown 77 cords of the wood, worth $77 in the tree in the woods, but worth $246.40 in stave bolts delivered at the factory of defendant, in which form the said Lashlee and Brown prepared the timber and sold it to the defendant, and delivered it, after taking it from complainants' land.

The chancellor rendered a decree against defendant for $289.90 (made up of the $43.50 and the $246.40) and costs of suit. The defendant filed the record for error, and the cause was referred to the court of chancery appeals. That court, after full consideration, affirmed the decree of the chancellor. From this decree the defendant prayed an appeal to this court, and assigned error.

It is insisted that the decree of each of the courts referred to was erroneous, in that the defendant was charged with the said sum of $246.40, the value of the timber after it had been converted into stave bolts.

It is said that the true measure of damages was the value of the timber as it stood in the tree at the time it was cut, and, at all events, the defendant should be allowed the costs of converting the timber into merchantable form.

There is no error in the decree of the court of chancery appeals.    We are of the opinion that the same rule should be applied in cases of this character as are applied in cases of mining trespass.    The rules applicable in the latter class of cases are those laid down in *Dougherty* v. *Chesnutt*, 86 Tenn., 1, 9, 10, 5 S. W., 444.    It is there said:  "There are two rules for the computation of damages in these cases of mining trespass, recognized by the courts, sometimes designated as the 'mild' and the 'harsh' rule.    The mild rule is applied where the wrong was innocently done, by mistake or inadvertence; the harsh where the facts show the trespass to have been malicious, or with full knowledge of the title of the injured party, and in willful disregard of his rights.    The former rule charges the defendant with the value of the coal, ore, or rock, mined, in situ, usually measured by the royalty in the particular locality. The latter charges him with the value of the same after severance, without compensation for mining and preparing for market."

Applying these rules to the case of timber removed, we hold that the defendant, for the timber purchased before notice of the trespass, was rightly charged, under the mild rule, with its value as it stood upon the land when it was felled; and that, for the timber purchased after he had notice of the trespass, he was rightly charged, under the harsh rule, with its value in the form of stave bolts, without any deduction for the expense of cutting and preparing for market.

The foregoing were the rules for measuring damages

applicable to Lashlee and Brown, as to all of the timber, they being willful trespassers as to all; and the defendant, having bought 77 cords from them with full notice, stands in their place as to that purchase.

There is another element of damages that sometimes appears in timber cases, that is, damages arising out of special injury done to the land by the removal of the timber (*Ensley v. Nashville,* 2 Baxt., 144), but no facts appear in this case to make that rule applicable here.

The decree of the court of chancery appeals must be affirmed; with costs.