**Christine Bishop NORMAN and James Norman, Plaintiffs-Appellees,**

v.

**Martin HOYT, Helen M. Hoyt, and Goodman Lumber Company, Inc., Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section.

Dec. 14, 1983.

Application for Permission to Appeal Denied by Supreme Court March 12, 1984.

Jerry V. Smith, Littleton & Smith, Dickson, for plaintiffs-appellees.

Ed Long, Dickson, for defendants-appellants.

## OPINION

LEWIS, Judge.

Plaintiffs-appellees filed their complaint in which they sought, *inter alia,* "[t]hat the boundary line between the parties be established" and damages for timber cut and removed from plaintiffs' property by defendants-appellants. Plaintiffs also sought, and the Chancellor granted, a temporary restraining order restraining defendants from cutting timber on plaintiffs' property. Defendants denied all material allegations and cross-claimed, seeking damages "as a result of the interruption of their timber cutting" and for expense incurred "in obtaining legal counsel to defend a frivolous [*sic*] lawsuit."

Subsequent to an evidentiary hearing, the Chancellor filed an "OPINION" in which he found that the boundary between the parties' property was as insisted by plaintiffs, *i.e.,* the "Bank of Charlotte" line. Plaintiffs filed a "Petition to Rehear" because of the Chancellor's failure to address the issue of damages. Thereafter an order was entered which set the boundary between the parties' property and reserved the issue of damages "until further proof is presented to the Court." On December 28, 1982, the Court entered an order awarding plaintiffs damages of $1400.

Defendants, at oral argument, waived one of their five issues. We, therefore, discuss the remaining four.

The first issue is: "Did the trial court err in ruling that the boundary line was remarked properly or in conformity with case law?"

Defendants made no citation to the record to support their contention that the boundary line was improperly marked or remarked. Rule 6(a) of the Court of Appeals provides: "Written argument in regard to each issue on appeal shall contain: 1. A statement of the alleged erroneous action of the trial court which raises the issue, with citation to that part of the record where the alleged erroneous action is recorded." Notwithstanding defendants' failure to comply with Rule 6(a), we re-

viewed the record and found no error regarding defendants' first issue. The testimony of the surveyor, Mac Bennett, supports the Trial Court's finding. This issue is without merit.

We discuss together defendants' second and fifth issues.

Did the trial court err in coming to the conclusion that the change in the line by parol method met the criteria required?

Did the trial court err in accepting testimony of Frank Lemastus even though his testimony was controverted and even though he was not a licensed surveyor?

The Trial Court found the line was changed "in the survey conducted by the Bank of Charlotte, who then owned the Norman property" and that defendants' predecessor in title, even though recognizing "that there was a discrepancy or some inequity in the Bank of Charlotte's survey . . . did agree to accept that line as the boundary between the parties."

■ Defendants are bound by the acts and declarations of their predecessors in title.

We understand, that for purposes of ascertaining the true line of a disputed and uncertain boundary between adjacent tracts, the acts and declarations of the former owners and proprietors, which took place and were made during such ownership, especially if accompanied with possession, conducing to establish the common line, are admissible as original evidence. [Citations omitted.] This is so, whether they be dead or alive, admissible or inadmissible as witnesses in the controversy. They do not stand upon the same footing as the declarations of third persons. [Citations omitted.]

*Davis v. Jones,* 40 Tenn. (3 Head) 602, 606 (1859).

Elmer Hardesty, one of defendants' predecessors in title, declared that he would accept the Bank of Charlotte line as the boundary, in the presence of Frank Lemastus. At the time of Mr. Hardesty's declaration, he was the owner and in possession of the property.

■ Defendants contend that Mr. Lemastus was not competent to testify as to the declaration of Elmer Hardesty since Mr. Lemastus was not a former owner or a surveyor. The issue is not whether Mr. Lemastus could testify regarding any statement he may have made regarding the boundary line, it is whether he may testify as to declarations made by a former owner while in possession of the property. Declarations of former owners which took place during ownership and especially accompanied with possession are admissible to establish boundary lines. It is not necessary that the former owner testify to the declarations. They may be testified to by third parties who heard the declarations. *Davis v. Jones,* 40 Tenn. (3 Head) at 606. Mr. Lemastus was competent to testify regarding the former owner's declaration.

Defendants also contend that Mr. Lemastus' testimony should not have been considered since he had told defendants out of court that the boundary line was located at a point different than what he testified to in court. In other words, they contend that his testimony has been impeached.

■ The Trial Judge had the opportunity to observe the manner and demeanor of all the witnesses. "Any conflict in testimony requiring a determination of the credibility of a witness or witnesses is for the trial court and binding on this Court unless from other real evidence we are compelled to conclude to the contrary." *State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 282, 435 S.W.2d 803, 807 (1968). We find nothing in the record to contradict the Chancellor's finding. This issue is without merit.

Defendants' last issue is: "Did the trial court err in accepting the testimony of Appellees' surveyor and the exhibit of his testimony over other proof offered by Appellants?"

The issue in this case was not the description of the property but where the boundaries of the property were located on

the ground. Surveyors testified on behalf of each of the parties.

Judge Todd, writing for this Court in a case dealing with conflicting surveys, stated:

> When a court is called upon to establish a boundary, the court must depend upon the evidence adduced by the parties, and, if possible to do so, the boundary must be established by the preponderance of the evidence, including the credibility of witnesses as determined by the trier of fact.

*McHenry v. Dyer,* (Tenn.App. at Nashville, July 1, 1982), at 7–8.

The judgment in this case was based at least in part upon oral testimony which required a determination of the credibility of the witnesses by the Trial Court. "Any conflict in testimony requiring a determination of the credibility of a witness or witnesses is for the trial court and binding on this Court unless from other real evidence we are compelled to conclude to the contrary." *State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d 803 (1968).

Our review of this record fails to disclose other real evidence which would compel a contrary conclusion. Defendants have failed to carry their appellate burden of showing that the evidence preponderates against the Trial Court's findings and judgment. *Capital City Bank v. Baker,* 59 Tenn.App. 477, 442 S.W.2d 259 (1969). Each of the issues presented by defendants is without merit.

Plaintiffs present one issue in which they complain of the amount of damages awarded to them. It is their insistence that the market value of the timber cut from their land should have been the measure of damages.

In Tennessee, two measures of damages are recognized when timber is wrongfully cut.

> The mild rule is applied where the wrong was innocently done, by mistake or inadvertence; the harsh where the facts show the trespass to have been malicious, or with full knowledge of the title of the injured party, and in willful disregard of his rights. The former rule charges defendant with the value of the coal, ore, or rock mined, in situ, usually measured by the royalty in the particular locality. The latter charges him with the value of the same after severance, without compensation for mining and preparing for market.

*Holt & Johnson v. Hayes,* 110 Tenn. 42, 45, 73 S.W. 111, 112 (1902) (quoting *Dougherty v. Chestnutt,* 86 Tenn. 1, 9–10, 5 S.W. 444, 446 (1887)).

The record before us concerning damages is meager at best. From our review of this record, we are unable to say that the Chancellor erred in failing to impose the "harsh rule" in awarding damages.

The judgment of the Chancellor is in all respects affirmed with costs to defendants and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.