Anderson B. GHANT, Plaintiff/Appellee,

v.

Archie MORROW and Carla R. Morrow, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 7, 1995.

Application for Permission to Appeal Denied by Supreme Court Nov. 27, 1995.

William C. Barnes, Jr., Columbia, for Plaintiff/Appellee.

Jerry C. Colley, Colley and Colley, Columbia, for Defendants/Appellants.

## OPINION

TODD, Presiding Judge, Middle Section.

The captioned defendants have appealed from a non-jury judgment in favor of the captioned plaintiff for $6,044.24 for wrongfully cutting timber on the property of plaintiff.

Defendants state the issue on appeal as follows:

> Did the Court err in applying the harsh rule as the measure of damages as opposed to the mild rule as the measure of damages for the negligent cutting of timber.

Plaintiff presents the issue of the inadequacy of the judgment.

The Trial Court determined that the plaintiff was the owner of the land from which the timber was removed. No issue is made on appeal as to this decision, however the good faith belief of defendants that they owned the land is urged on appeal in connection with the measure of damages.

The evidence of damages is not contradicted. Defendants contracted with a timber cutter to remove the timber and agreed to an equal sharing of the proceeds. The timber was sold for $6,044.24 of which defendants received $3,022.24. A timber appraiser testified without direct contradiction that the value of the removed timber was $4,500.00 and the damage to the land from heavy equipment was $420.00.

Plaintiff insists that the damages should be $9,000.00 in accordance with statute. Defendants insist that the damages should be only $3,022.24 in accordance with the "mild rule" discussed in *Holt and Johnson v. Hayes,* 110 Tenn. 42, 73 S.W. 111 (1902); *Dougherty v. Chesnutt,* 86 Tenn. 1, 5 S.W. 444 (1887); *Norman v. Hoyt,* Tenn.App.1983, 667 S.W.2d 88; and *Stearns Coal & Lbr. Co. v. Kitchen Lbr. Co.,* 27 Tenn.App. 468, 182 S.W.2d 4 (1944).

The complaint relies upon T.C.A. Section 36–3–1303. The code citation must be an inadvertence, for no such section is found in the Code, and no such section was argued to the Trial Court. At trial and in this Court, plaintiff relied upon T.C.A. Section 39–3–1316(b), which is not found in any permanent volume of the Code, but is found in the 1990 Code Supplement in the following form:

> **Destroying or removing trees or timber from land of another—Aiding or abetting—Receiving or manufacturing such products.—(a)** Any person having no color

of title, either tax, equitable, or otherwise who, willfully and without permission of the owner thereof, enters upon the lands of another and cuts down, destroys or removes therefrom any tree, trees, timber, wood, logs, or lumber growing, standing, lying, or being thereon, or shall willfully induce, direct, aid or abet any other person in so doing, and every person who receives into his possession or purchases or manufactures or causes to be manufactured into lumber, shingles, lath, or other products any trees, timber, wood or logs so cut down or removed, knowing the same to have been cut or removed without the permission of the owner, with intent to induce, profit, aid, or abet any other person in such cutting down or removal or to profit himself thereby, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100), and in the discretion of the court, confinement in the county jail or workhouse not less than ten (10) days nor more than ninety (90) days.

(b) Liability for the negligent cutting of timber from the property of another shall be in an amount double that of the current market value of the timber. [Acts 1907, ch. 397, § 9; Shan., § 2883a75b11 (p. 7225); Acts 1925, ch., 147, §§ 1, 2; Shan. Supp., §§ 6498a3, 6498a4; Code 1932, § 10841; T.C.A. (orig. ed.), § 39–4519; Acts 1985, ch. 208, § 1.]

It appears that the case was tried to the Trial Court upon the applicability of Section 39–3–1316(b), and this Court will consider said issue as having been tried by consent. *First National Bank v. Hunter*, 22 Tenn. App. 626, 125 S.W.2d 183 (1938).

Prior to 1985, T.C.A. Section 39–3–1316 consisted only of paragraph (a), above.

However, on April 18, 1985, the General Assembly enacted Chapter 208 of the Public Acts of 1985, Section 1 of which read as follows:

Sec. 1—Liability for the negligent cutting of timber from the property of another shall be an amount double that of the current market value of the timber.

The act was effective upon its passage and approval on April 18, 1985.

For some unknown reason, the quoted Section 1 of Chapter 208 was added to the Code as part (b) of Section 39–3–1316, a criminal statute. This Court can think of no legitimate ground for disregarding a statute prescribing a civil remedy simply because the Code authorities saw fit to append it to a criminal code section. Neither can this Court conceive any legitimate reason to disregard such civil remedy because the General Assembly re-enacted the Code with the civil remedy placed with a criminal code section. The clear intent of the General Assembly must prevail.

Section 39–3–1316(b) remained a part of the Code until repealed by Chapter 591, Public Acts of 1989, effective November 1, 1989. For this reason, subsection (b) of T.C.A. Section 39–3–1316 was never published in a permanent volume of the Code.

Section 39–3–1316(b) was the law of Tennessee in March and April, 1988, when the timber removal in the present case occurred. It is therefore the controlling law in the present appeal.

Although there is no evidence of overt negligence on the part of defendants, there is clear evidence of the negligence of the surveyor who was employed by defendants and whose survey was relied upon by defendants in ordering the cutting of the timber.

Defendants' deed described their property only by the names of adjoining owners including Clarence Ghant, plaintiff's father and predecessor in title. Defendants' surveyor overlooked this reference and failed to identify plaintiff's land in fixing the boundary of defendants' land.

The master is liable for the servant's negligence based upon the principle that the wrong of the agent is the wrong of his employer. *Parker v. Vanderbilt University*, Tenn.App.1988, 767 S.W.2d 412. By the same token, a trespasser cannot claim innocence of negligence by reliance upon a negligent survey by his surveyor.

As a result, plaintiff is entitled to a judgment for "an amount double that of the current market value of the timber." This Court interprets the words, "market value of

the timber" to mean, the fair market value of the timber "in situ" (in place) on the property of plaintiff before its removal. That is, with the trees standing in place, what a reasonable buyer and a reasonable seller would agree upon as the fair price for the privilege of removal.

It is arguable that the net proceeds of the removal as received by defendants is circumstantial evidence of "the fair value of the timber." However, the strength of the inference arising from this circumstance is weakened by the unanswered questions of whether a greater return could have been realized by allowing further growth and whether a better price might have been obtained by other disposition of the timber. In short, the inference of value from sale price is outweighed by the expert evidence of the fair value of the timber.

Uncontradicted, expert testimony was presented by plaintiff that the fair value of the removed timber "in situ" was $4,500.00. This constitutes "preponderance of the evidence" on the issue.

Therefore, pursuant to T.C.A. Section 39–3–1316(b), plaintiff is entitled to $9,000.00 for the removal of his timber. Since this is the amount requested in plaintiff's brief, the $420.00 land damage and prayer for punitive damages are considered waived.

The judgment of the Trial Court is modified by increasing the amount thereof to $9,000.00. As modified, the judgment of the Trial Court is affirmed. The modified judgment will bear lawful interest from November 22, 1994, the date of entry of the original judgment. Costs of this appeal are assessed against the defendants. The cause is remanded to the Trial Court for entry and enforcement of the modified judgment.

Modified, Affirmed and Remanded.

LEWIS and CRAWFORD, JJ., concur.