IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 9, 2010

## MARILOU GILBERT v. DON BIRDWELL and wife, CHRISTINE BIRDWELL

**Direct Appeal from the Chancery Court for Grundy County**
**No. 5878     Jeffrey L. Stewart, Chancellor**

**No. M2009-01743-COA-R3-CV - Filed March 31, 2010**

This case arises from a boundary line dispute. Appellants appeal the trial court's denial of their petition to reopen proof after the court rendered its decision, establishing the disputed boundary in accordance with the Appellee's survey. Finding no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S. and HOLLY M. KIRBY, J., joined.

Robert S. Peters, Winchester, Tennessee, for the appellants, Don Birdwell and wife Christine Birdwell.

James F. Conley, Tullahoma, Tennessee, for the appellee, Marilou Gilbert.

### MEMORANDUM OPINION[1]

On July 26, 2007, Appellee Marilou Gilbert filed a petition in the Grundy County Chancery Court, seeking to ascertain the boundary line between her property and that of Appellants Don Birdwell and his wife, Christine Birdwell. Attached to the Complaint was

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

a survey prepared by William S. Williford, which survey had been prepared for Ms. Gilbert's predecessor in title. The Birdwells answered the petition, alleging that they owned the disputed land, consisting of approximately two-tenths of an acre. The case was tried before the Chancellor on September 16, 2008. Following the hearing, the Chancellor ruled in favor of Ms. Gilbert, adopting the boundary line as set out in the Williford survey.

On December 15, 2008, the Birdwells filed a motion for new trial and/or petition for rehearing, wherein they asserted the following grounds:

> The Williford deposition gave as its justification the presence of what he described as an old iron pipe on the northern margin of Partin Road. The position of the court gave heavy reliance on the existence of the so-called iron pipe. The testimony of Mr. Johnson relied on the fact that he considered that pipe to have been moved after its initial placement. The issue as to whether or not the pipe had been removed could not be established upon the proof that was presented at the hearing, and this fact remains a matter of conjecture.
>
> 2. It is essential in the interest of a proper resolution of this case that a rehearing be held to allow the defendants to present evidence of a contemporaneous nature to establish the location and placement of that iron pin since the ascertainment of that fact would materially change and alter the ruling of the court.

The motion for new trial was heard on July 14, 2009. By Order of July 23, 2009, the trial court denied the motion. The Birdwells appeal, raising one issue for review as stated in their brief:

> Whether the Chancellor erred in denying the [Birdwells'] motion for new trial and to reopen proof...when the...motion was supported by an affidavit attesting to the existence of a pin, which was later covered up but which correctly marked the starting point of the boundary line between the parties, and which fact had not been able to be revealed at trial.

"In resolving a boundary line dispute, it is the role of the trier of fact to evaluate all the evidence and assess the credibility of the witnesses." *Mix v. Miller*, 27 S.W.3d 508, 514 (Tenn. Ct. App.1999) (citing *Norman v. Hoyt*, 667 S.W.2d 88, 91 (Tenn. Ct. App.1983)). "When determining a boundary line that is in dispute, the court must look first to the natural

objects or landmarks on the property, then to the artificial objects or landmarks on the property, then to the boundary lines of adjacent pieces of property, and finally to courses and distances contained in documents relevant to the disputed property." *Id*. at 513 (citing *Franks v. Burks*, 688 S.W.2d 435, 438 (Tenn. Ct. App.1984); *Thornburg v. Chase*, 606 S.W.2d 672, 675 (Tenn. Ct. App.1980)).

This Court conducts a *de novo* review of the trial court's decision in a boundary dispute with a presumption of correctness as to the trial court's findings of fact, unless the evidence preponderates against those findings. *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App.2006). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App.2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

There is no transcript of the proceeding in this case. However, in accordance with Tenn. R. App. P. 24(c), a statement of the evidence has been filed as part of the appellate record. In relevant part, the statement of the evidence provides:

> The Williford deed description which was attached to the complaint was relied on by [Ms. Gilbert], and [Ms. Gilbert] erected a fence along the Williford line. [Ms. Gilbert] described that she bought the property from Clarence Pemberton [] who gave her the Williford survey along with the deed. There was no fence along the line that she claimed separated her property from that of the [Birdwells']. She knew that the [Birdwells] disagreed with the Williford survey and told her that the line should commence from where an iron pipe had been placed in the middle of the driveway but which had been covered up. She went ahead and put up a fence along the Williford line. She did not confer with the [Birdwells] before she put up the fence. The [Birdwells] then torn down the fence with [a] backhoe....
>
> *              *              *
>
> The deposition of Williford was made Exhibit 1, and it

contained...eight exhibits....

*                               *                               *

The [Birdwells] then presented their case.... [Mr. Birdwell testified that] "[w]hen Mr. Pemberton was the owner of the property, there was no dispute about the property line. The established line ran from where an iron pin had been set, but which had been covered by a[n] asphalt driveway. [Mr. Birdwell] testified that, as far as he and Mr. Pemberton knew, this had been the southeast corner of the Birdwell property and it contained the iron pin that had later been covered by the asphalt. [Mr. Birdwell] stated that he met with [Ms. Gilbert], and he told her where the line was. He described the monuments along the line as he knew them, and they included a one and one-half inch iron pipe that was identified in the Johnson survey as Exhibit 3....

*                               *                               *

The case then turned on an examination of the testimony of the surveyors. John W. Johnson, Jr....was qualified as an expert and he testified as to his survey [Exhibit 3].... The critical difference [between the Johnson survey and the Williford survey] involved the location of the iron pin which would mark the southeast boundary line point of the Birdwell property and the southwest corner of [Ms. Gilbert's] property. This starting point was established when Mr. Johnson measured the distance which was set out in the various deeds of the Pemberton predecessors. The surveyor followed this distance from the 3/8" iron pin which was found to be at the southeast corner of the property conveyed from Pemberton to Gilbert. He ended up at a location in the middle of the driveway. At that location Mr. Johnson set a PK nail .... This marked the beginning point of the line that he then ran along the established markers.... Mr. Johnson also referred to Exhibit 4 which established the one-half inch iron pipe which was part of the fence line, and which was at a location north of ... the starting point where the pin had previously been located ....

In their motion for new trial, the Birdwells asked the court for a new trial in order to allow proof to be presented to establish the existence of a pin that allegedly marked the correct starting point of the boundary line as attested to in the affidavit of John Blevins, the previous owner of the Gilbert property. In his affidavit, which was attached to the motion for new trial, Mr. Blevins stated, in pertinent part, that:

> 3. I have looked at the [] surveys...and from these surveys I located the area where the pin marking the original boundary was located. I built the house now occupied by [Ms. Gilbert] in 1968, and I put in the driveway after clearing the area and it is not where it is set out in the Williford survey. When the driveway was put in, a pin was in the center of the driveway. It was driven into the ground. This pin was placed by a surveyor, and I believe it was George Landon.... The pin was covered by gravel. The asphalt came later.

As stated by our Supreme Court in *Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147 (Tenn.1991):

> Permitting additional proof, after a party has announced that proof is closed, is within the discretion of the trial court, and unless it appears that its action in that regard has permitted injustice, its exercise of discretion will not be disturbed on appeal ...
>
> It is within the discretion of the trial judge to decide whether to reopen the proof for further evidence, and the decision of the trial judge thereon will not be set aside unless there is a showing that an injustice has been done.

*Id.* at 149 (internal citations omitted).

The abuse of discretion standard requires us to consider: "(1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App.2000). "While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen

-5-

another alternative."[2]  *Id.*

As noted above, the dispute in this case involves the starting point of the disputed property line. Ms. Gilbert's surveyor, Mr. Williford, established the boundary from a 2 inch pipe found on the common boundary line, which resulted in a straight boundary line. Mr. Johnson, the Birdwells' surveyor, set a new PK nail and started the line from that point, ending in the middle of the driveway with a dog-legged boundary line. It is clear from the evidence presented that the Birdwells should have known the case could turn on the existence and location of the iron pin, and the possibility that the pin had been moved. All of the previous surveys and descriptions were available to the parties prior to the hearing, and Mr. Johnson performed his survey well in advance of that date. From the record as a whole, we can only conclude that any proof concerning the beginning point of the disputed property line was available from the outset of this case. The Birdwells had the opportunity to present their proof on this issue at trial, and neglected to do so. Consequently, we cannot find that the trial court abused its discretion in not allowing the Birdwells to reopen their proof. Given the fact that the evidence the Birdwells sought to introduce was ascertainable at any time, had the trial court allowed them to reopen their proof after an adverse decision, such decision would have negated the adversarial process, thus working an injustice to Ms. Gilbert. Moreover, from the proof in the record, we cannot conclude that the evidence preponderates against the trial court's finding that the boundary line should be established in accordance with the Williford survey.

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellants, Don and Christine Birdwell, and their surety.

_____

J. STEVEN STAFFORD, JUDGE

---

[2]The Birdwells titled their motion as a motion for new trial. However, as they admit in their brief, the substance of the motion is one to reopen the proof. Because motions should be construed based on their substance rather than their title, we will review the denial of the motion under the standard of review applicable to motions to reopen the proof instead of the standard of review applicable to a motion for new trial. *Gordon v. Greenview Hosp. Inc.,* 300 S.W.3d 635, 643 (Tenn. 2009)(citing *Tenn. Farmers Mut. Ins. Co., v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998); *Bemis Co., v. Hines*, 585 S.W.2d 574, 576 (Tenn. 1979)).