**Amy CARR, suing by mother and next friend Shirley Temple CARR, Plaintiff-Appellant,**

**v.**

**Clarence CARR (in his capacity as an independent contractor or employee of Betty Goad, and so far as he is covered under a policy issued to Betty Goad by Farm Bureau Insurance Company), and Betty Goad, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 12, 1986.

Application for Permission to Appeal Denied by Supreme Court March 9, 1987.

Noble E. Pepper, Sr., Nashville, for plaintiff-appellant.

Dennis W. Powers, McClellan, Powers & Ehmling, P.C., Gallatin, for defendants-appellees.

OPINION

LEWIS, Judge.

This is an appeal by plaintiff, a minor, from the dismissal of her suit for personal injuries, which she brought against her fa-

ther, defendant Clarence Carr, and his employer, defendant Betty Goad.

Plaintiff filed her complaint against her father and Betty Goad in which she alleged that she was a minor five years of age, that defendant Clarence Carr was "mowing the yard of Betty Goad as an employee of Betty Goad, subject to [Betty Goad's] control and instruction," that Betty Goad was present when the accident occurred, and that Betty Goad "had every right to and often did control the actions of Clarence Carr when he mowed the yard of Betty Goad." Plaintiff further alleged that while Clarence Carr was acting as an employee of Betty Goad, "he negligently caused the riding lawn mower that he was operating, on the premises of Betty Goad and about the business of Betty Goad, to come in contact with the plaintiff Amy Carr, causing her severe, painful and permanent injuries." Plaintiff sued for $5,000,000.00.

In their answer, defendants denied that they were liable to plaintiff on the ground, *inter alia*, that defendant Clarence Carr is the father of the plaintiff and is therefore immune from suit by plaintiff under the doctrine of parental immunity. Because the complaint alleged no negligence on behalf of Betty Goad except that which "flows through the Defendant, Clarence Carr," and defendant Carr is immune, defendant Goad asserted that suit would not lie against her.

Defendants then moved, pursuant to Tennessee Rule of Civil Procedure 12, to dismiss the complaint for failure to state a cause of action. Following a hearing, the trial court sustained defendants' motion and dismissed the complaint. We affirm.

█ Plaintiff contends that the trial court erred in dismissing her complaint on the ground that her suit was barred because of parental immunity. She argues that if anyone other than her father had caused her injuries, she would have been allowed to continue her suit. With this statement, we do not disagree. However, our Supreme Court, in *Barranco v. Jackson,* 690 S.W.2d 221 (Tenn.1985), upheld

parental immunity by a three-to-two majority.[1] So long as the law remains as enunciated in *Barranco,* an unemancipated minor may not sue his or her parent for injuries negligently caused by the parent. We find nothing in this record to take this case outside the rule of *Barranco.* The trial court properly dismissed plaintiff's suit against her father.

█ Plaintiff contends that Betty Goad, as the employer of Clarence Carr, is liable to plaintiff for injuries negligently caused by Clarence Carr. There is no allegation in the complaint that Betty Goad was negligent other than vicarious negligence through her employee Clarence Carr. Since plaintiff is barred from suing her father, she is likewise barred under the facts as alleged in the complaint from suing Betty Goad. In *Stewart v. Craig,* 208 Tenn. 212, 217, 344 S.W.2d 761, 763 (1961), our Supreme Court stated: "We have held over the years in this State that if an injured person is barred by law from suing the servant he is likewise barred from maintaining a suit against the master when liability is predicated solely on the doctrine of *respondeat superior.*"

█ While plaintiff's complaint does not allege that Clarence Carr was an independent contractor, she does in her brief state that defendant Carr was "functioning in the capacity of either an independent contractor or an employee of Betty Goad." However, even if there were allegations in the complaint that defendant Carr was an independent contractor, under the facts as alleged, Betty Goad is not liable for defendant Carr's negligence. The general rule is that the employer is not ordinarily liable for the negligence of an independent contractor. *Potter v. Tucker,* 688 S.W.2d 833, 835–836 (Tenn.App.1985); *Simpson v. Allied Van Lines, Inc.,* 612 S.W.2d 172, 175 (Tenn.App.1980). Nothing in plaintiff's complaint brings her within the rule of *McHarge v. M.M. Newcomer & Co.,* 117 Tenn. 595, 100 S.W. 700 (1907).

---

1. Justice Drowota filed a well-reasoned dissent. However, this Court must follow the majority opinion of the Supreme Court and is not at liberty to adopt a dissenting opinion.

The judgment of the trial court in dismissing plaintiff's complaint is affirmed with costs assessed against the plaintiff and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.