IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 10, 2000

## JOE D. MARTIN v. STATE OF TENNESSEE

**Tennessee Claims Commission**
**No. 99000895**

**No. M1999-01642-COA-R3-CV - Filed July 5, 2001**

Claimant, an inmate who was housed in a prison operated by a private prison operating company, filed a claim against the State for the loss of his personal property due to acts of employees of the company. The Claims Commission dismissed the claim for lack of jurisdiction because the private prison employees responsible for the loss were not "state employees." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims**
**Commission Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M. S., and WILLIAM C. KOCH, JR., J., joined.

Joe D. Martin, Pro Se, Henning, Tennessee.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Terri L. Bernal, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Claimant Joe D. Martin, an inmate, was housed at South Central Correctional Facility, a prison operated by Corrections Corporation of America ("CCA"). In November 1997, Mr. Martin was placed in segregation. His belongings were placed in storage, but were missing a few days later when he sought to retrieve them.

In November 1998, Mr. Martin filed a claim with the Division of Claims Administration for $1,500, his stated value for the lost property. The State filed a motion to dismiss, asserting that CCA employees were not state employees, and that the acts or omissions of CCA employees with regard to prisoner property loss cannot provide a basis for a claim of negligence against the State.[1] Mr.

---

[1]Tenn. Code Ann. § 9-8-307(a)(1)(F) allows claims arising from the "negligent care, custody, and control of personal property." However, the care, custody, and control must rest with state employees, and the negligent acts must
(continued...)

Martin's claim was denied and he appealed to the Claims Commission. The Claims Commission granted the State's motion and dismissed Mr. Martin's claim. Mr. Martin appeals.

## I.

Appeals from the Tennessee Claims Commission are reviewed *de novo* upon the record with a presumption of correctness of the findings of fact by the Commission. *Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989); Tenn. R. App. P. 13(d). No such presumption attaches to conclusions of law. Tenn. R. App. P. 13(d)

## II.

The jurisdiction of the Claims Commission is set out in Tenn. Code Ann. § 9-8-307(a)(1). That statute provides, in pertinent part:

> The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as such term is defined in § 8-42-101(3). . . .

The referenced statutory definition of "state employee" includes "any person who is employed in the service of the state and whose compensation is payable by the state." Tenn. Code Ann. § 8-42-101(3)(A) Thus, the Claims Commission's authority to hear this claim depends upon whether the persons Mr. Martin claims lost his property are state employees, i.e., whether they were employed in the service of the State and their compensation was payable by the State.

Mr. Martin acknowledges that the individuals responsible for his loss are employees of Corrections Corporation of America and states, "the loss of the inmate's personal belongings complained of were committed by CCA employees in the course of providing correctional services, to wit: the management and handling of inmate personal property, for which service CCA was and is being compensated by the State of Tennessee."

The Tennessee Legislature passed the "Private Prison Contracting Act" in 1986. 1986 Tenn. Pub. Acts, ch. 932, § 1. That Act authorized the Commissioner of Correction to enter into contracts for correctional services. Tenn. Code Ann. § 41-24-103(a). "Correctional services" are defined to include operation of facilities, including management, custody of inmates, and providing security; food, commissary, medical transportation and other ancillary services; educational and training programs; religious and other activities; and counseling and treatment programs. Tenn. Code Ann.

---

[1](...continued)
be those of state employees.

§ 41-24-102(2).[2] The storage of a prisoner's personal belongings while he is in disciplinary segregation falls within the operation and management of a prison facility, and, as such, the law authorizes contracting with CCA for responsibility for such activities.

Of particular relevance to the issue before us is the following provision of the Private Prison Contracting Act:

> The sovereign immunity of the state shall not apply to the contractor. Neither the contractor nor the insurer of the contractor may plead the defense of sovereign immunity in any action arising out of the performance of the contract.

Tenn. Code Ann. § 41-24-107(b).

By creation of the Claims Commission, the legislature waived the State's sovereign immunity up to specified limits and only in specific circumstances for the purpose of providing immunity to employees of the State. Consequently, "[s]tate officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment . . ." Tenn. Code Ann. § 9-8-307(h). Where the acts complained of were not committed by state employees, the State enjoys sovereign immunity.

Claimant argues that because the State contracted for the management of the prison, and pays CCA to run the prison, CCA employees are "state employees." We disagree.

As the various provisions of the Private Prison Contracting Act make clear, the purpose of the Act was to allow the State to use independent contractors to operate a limited number of correctional facilities. The State was to pay a contract price for the services included in the contract. Tenn. Code Ann. § 41-24-104(b)(1). In addition, the contractor is statutorily required to provide an "adequate plan of insurance." Tenn Code Ann. § 41-24-107(a)(2). That plan must be "adequate to protect the State from any and all actions by a third party against the contractor or the State as a result of the contract" and must be "adequate to assure the contractor's ability to fulfill its contract with the state in all respects, and to assure that the contractor is not limited in this ability because of financial liability which results from judgments." Tenn. Code Ann. § 41-24-107(a)(2)(A) and (C).

The dismissal of Claimant's claim against the State was proper because the CCA employees whose acts he complains of were not state employees. They were not employed in the service of the state and were not compensated by the state.

For authority, Claimant cites *Goodwin v. Bell*, No. 01A01-9111-CV-00402, 1992 WL 24988 (Tenn. Ct. App. Feb. 14, 1992) (no Tenn. R. App. P. 11 application filed), in which this court

---

[2]Other responsibilities were reserved by the State as "not delegable" to the private contractor, including those related to parole, sentence credits, furlough and work release, and disciplinary actions. Tenn. Code Ann. § 41-24-110.

considered the plaintiff's court appointed lawyer a "state employee" because he was "employed in the service of and [his] compensation [was] payable by the state." *Id*. at *2 (quoting Tenn. Code Ann. § 8-42-101(a)(3)). The result was that the attorney was immune from liability under Tenn. Code Ann. § 9-8-307(h)). *Goodwin* is distinguishable from the case before us. In that case, the attorney received direct payment from the State for services the State sought from him as an individual. In this case, the employees responsible for the loss of Claimant's property were clearly not state employees. They were employees of CCA, a corporation which the State contracted to manage and operate the facility at which Claimant was housed.

Claimant argues in the alternative, that because the State "delegated" the duty of managing an inmate's property to CCA, the State is liable for the acts of its "agent." For authority, Claimant relies upon an earlier opinion of the Claims Commission, *Mays v. State*, in which an administrative law judge referred to CCA an "agent of the State." While unpublished cases of this court are considered persuasive but not controlling, Tenn. R. S. Ct. 4(H), an unpublished case from the Claims Commission has no such authority. In addition, it is well settled that a principal is not responsible for the negligent acts of the employees of an independent contractor. *Zimmerman v. Elm Hill Marina*, 839 S.W.2d 760, 762 (Tenn. Ct. App. 1992); *Carr ex rel. Carr v. Carr*, 726 S.W.2d 932, 933 (Tenn. Ct. App. 1986).

This Court has held that CCA is the proper defendant for negligence claims arising from CCA's operation of correctional facilities. *See Greer v. Corrections Corp. of America*, No. 01A01-9604-CH-00150, 1996 WL 697942 at *2 (Tenn. Ct. App. Dec. 6, 1996) (no Tenn. R. App. P. 11 application filed) (appellate court reinstated complaint against CCA for conversion of inmate's jewelry, holding that CCA could be liable for the torts of its employees under the doctrine of *respondeat superior*).

III.

We affirm the dismissal of the claim against the State because Claimant alleges his property was lost because of the acts or omissions of persons who are not state employees. Costs are taxed to the appellant, Joe D. Martin, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE