**Stella POTTER, Plaintiff-Appellee,**

v.

**Tanya TUCKER and Lawrence Brown, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Jan. 24, 1985.

Application for Permission To Appeal Denied April 1, 1985.

Robert L. Littleton, Dickson, for plaintiff-appellee.

Ed Long, Dickson, for defendants-appellants.

CRAWFORD, Judge.

Plaintiff, Stella Potter, sued the defendants, Tanya Tucker and Lawrence Brown, individually and d/b/a Brown Lumber and Development Company, seeking compensatory and punitive damages for the unauthorized cutting of timber on her land. Plaintiff alleges *inter alia* that defendant Tucker, plaintiff's adjoining landowner, contracted with defendant Brown for timber cutting on Tucker's property, that Tucker failed to point out the boundary lines of her property to Brown, that Tucker and Brown were engaged in a joint enterprise in this endeavor, that Brown was Tucker's agent, and that Brown and his employees entered

the plaintiff's land, cutting her timber and otherwise damaging her land. The complaint sought recovery against Brown and sought recovery from Tucker on the theories of *respondeat superior*, with Tucker being responsible for the acts of her alleged agent, and also independent negligence, because Tucker had not adequately established the boundary lines of her property.

Defendants joined issue on the material allegations of the complaint, and in addition, defendant Tucker filed a cross-claim against defendant Brown alleging breach of the written contract between them. Tucker further contended that the contract provided for Brown to indemnify her for any losses that might arise. Tucker also filed a counter-complaint against plaintiff Potter, but Tucker subsequently voluntarily dismissed this complaint.

The jury returned a verdict for plaintiff against both defendants for the total amount of $26,600, which included the value of the timber of $19,100 and other damages to the property of $7,500. The jury also returned a verdict on the cross action in favor of the defendant Brown. Judgment was entered on the jury verdict resulting in Tucker's appeal which presents the following issues for review by this court:

I. Did the trial court err in failing to direct a verdict in favor of appellant or in failing to set aside the judgment when the proof clearly showed a co-defendant was an independent contractor and appellant could not be found liable for the contractor's actions?

II. Did the trial court err in allowing an excessive judgment against appellant to stand when the proof presented in a timber case did not merit the application of the "harsh" rule?

III. Did the trial court err in its charges?

IV. Did the trial court err in allowing a judgment to stand in favor of defendant Lawrence Brown on the cross-complaint when the overwhelming proof was that the defendant Brown was in breach of

contract, failed to have insurance coverage and was unjustly enriched by his actions?

 The first issue concerns an alleged error of the court in failing to direct a verdict for defendant Tucker in plaintiff Potter's suit against her. We find Tucker's assertions on this issue without merit for several reasons. First, although Tucker made a motion for directed verdict at the conclusion of the plaintiff's proof, the record does not reveal that Tucker renewed the motion for directed verdict at the close of all the proof. The motion must be made at the conclusion of all the proof in order for it to be considered by the trial court on a post trial motion and by this court on appeal. Tenn.R.Civ.P. 50.02; T.R.A.P. 3; *Johnson v. Woman's Hospital*, 527 S.W.2d 133 (Tenn.App.1975). Although the record is clear that Tucker did not renew the motion at the conclusion of the proof, Potter's response in her brief does not make this contention. Therefore, we will briefly address the merits of this issue. The rule for determining a motion for directed verdict requires the trial judge and the reviewing court on appeal to look to all of the evidence, taking the strongest legitimate view of it in favor of the opponent of the motion and allowing all reasonable inferences from it in his favor. The court must discard all countervailing evidence, and if there is then any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *Tennessee Farmers Mut. Ins. Co. v. Hinson*, 651 S.W.2d 235 (Tenn.App.1983). The court should not direct a verdict if there is any material evidence in the record that would support a verdict for the plaintiff under any of the theories he has advanced. *See Wharton Transport Corp. v. Bridges*, 606 S.W.2d 521 (Tenn.1980).

 Tucker bases her argument for a directed verdict on the theory that the proof clearly showed that Brown was an independent contractor and that, therefore, Tucker could not be liable under the doctrine of respondeat superior. We recog-

nize the general rule that an employer is not ordinarily liable for the negligence of an independent contractor. *International Harvester Co. v. Sartain*, 32 Tenn.App. 425, 222 S.W.2d 854 (1949).

The courts of this state have repeatedly referred to the leading case of *Powell v. Virginia Construction Co.*, 88 Tenn. 692, 13 S.W. 691 (1890) for the definition of independent contractor:

> An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer, except as to the result of his work. The employer of such a contractor, if he be a fit and proper person, and the work be not in itself unlawful, or a nuisance in itself, or *necessarily attended with danger to others*, will not be responsible for his negligence or that of his subcontractors or his servants. Mr. Thompson, in his work upon Negligence, says that "in every case the decisive question is, Had the defendant the right to control in the given particular the conduct of the person doing the wrong?" Thompson on Negligence, 909. (Emphasis supplied).

*Id.* at 697.

■ From the record before us, it appears that the defendant Brown and Tucker's agents testified concerning various aspects of the business operation in which Tucker exercised control over Brown. We also observe that a landowner contracting for the harvest of his timber should be cognizant of the obvious danger to his neighbor's property unless the boundary lines are explicitly pointed out to and scrupulously observed by the contractor. It could be argued that under these circumstances the actions of the independent contractor are "necessarily attended with danger to others" and constitute an exception to the general rule that the employer is not responsible for the actions of the independent contractor. In any event, plaintiff's alternative theory was that Tucker was negligent in not adequately directing Brown to the proper boundary lines and

there is material evidence in the record to support this theory.

In summary, we note that, aside from the procedural shortcomings of not renewing the motion for directed verdict at the close of all the proof, the record contains evidence that Tucker exercised control over Brown, that she should have been aware of the obvious dangers to her neighbor's property, and that she was negligent in not pointing out the boundary lines. For these reasons, Tucker's assertions on this issue are without merit.

■ The second issue concerns the amount of damages awarded plaintiff against defendants. Tucker asserts that the damages were excessive and that the proof did not merit the application of the so-called "harsh" rule for calculating these damages.

As noted in *Stearns Coal and Lumber Co. v. Kitchen Lumber Co.*, 27 Tenn.App. 468, 182 S.W.2d 4 (1944):

> It has been held that rules applicable in mining trespass cases are likewise applicable in a suit for wrongfully cutting timber. *Holt & Johnson v. Hayes*, 110 Tenn. 42, 73 S.W. 111. These rules are laid down in *Dougherty v. Chesnutt*, 86 Tenn. 1, 5 S.W. 444, 446, in the following language:
>
> "The mild rule is applied where the wrong was innocently done, by mistake or inadvertence; the harsh, where the facts show the trespass to have been malicious, or with full knowledge of the title of the injured party, and in willful disregard of his rights. The former rule charges the defendant with the value of the coal, ore, or rock mined, in situ,— usually measured by the royalty charged in the particular locality. The latter charges him with the value of the same after severance, without compensation for mining and preparing for market."

*Id.* at 7, 8.

The record contains proof the defendants were uncertain as to the location of the boundary line, that defendant Tucker did not undertake to point out or establish the

boundary line to Brown before the timber cutting operation began, and that Brown himself frequently was not present at the timber cutting site. The size and magnitude of the trespass on plaintiff's land (evidence indicates that trees were cut on approximately 75 acres of Potter's land) could indicate a rather reckless abandon on the part of the timber cutters concerning the boundaries. There does not appear to be any evidence of uncertainty concerning the deed description to plaintiff's property, but apparently the timber cutters were unable to locate the boundary line. The record contains evidence that the trespass by the timber cutters was caused by Tucker's failure to initially establish or point out the boundary line location. In view of the magnitude of the cutting operation, this failure indicates a disregard for the rights of · neighbors when it should have been known that the failure to establish the boundary lines could result in damage to the neighbor's property. There is material evidence in the record establishing the value of the timber under the applicable rules and the verdict of the jury conforms thereto. The function of this court in review of jury verdicts is succinctly stated by Judge Conner in *Mason v. Tennessee Farmers Mutual Insurance Co.*, 640 S.W.2d 561 (Tenn.App.1982):

> Of course, in testing the validity of a plaintiff's jury award we must view the evidence in the light most favorable to plaintiff. This court has no right to weigh the evidence in a jury case, but must indulge every reasonable inference in favor of the plaintiff when there is material evidence in support of the verdict. *Houser v. Persinger*, 57 Tenn.App. 401, 405, 419 S.W.2d 179, 181 (1967). We must look at all the evidence, take the strongest legitimate view of it in favor of the plaintiff and allow all reasonable inferences in plaintiff's favor. *Norman v. Liberty Life Assurance Co.*, 556 S.W.2d 772, 773 (Tenn.App.1977); *Truan v. Smith*, 578 S.W.2d 73, 74 (Tenn.1979). Our duty upon review of conflicting evidence in a jury trial is not to determine where the truth lies, but only to deter-

mine if there was any material evidence to support the verdict below. *Davis v. Wilson*, 522 S.W.2d 872, 875 (Tenn.App. 1974); *Chattanooga Gas Co. v. Underwood*, 38 Tenn.App. 142, 149, 270 S.W.2d 652, 655 (1954). Even if we would have reached conclusions different from those reached by the jury, if there is some material evidence to support the verdict, it must be affirmed. *Davis v. Wilson, supra; Chattanooga Gas Co. v. Underwood, supra* at 149–150, 270 S.W.2d at 655–656.

*Id.* at 564.

We find material evidence to support the verdict for the plaintiff and consequently Tucker's assertion on this issue is without merit.

· With regard to the third issue, Tucker complains that the trial court erred in its jury instructions and attempts in her brief to delineate several allegedly erroneous instructions. We note, however, that Tucker's motion for a new trial specifies only one allegedly incorrect instruction which we quote from that motion:

> 4. The Trial Court's charge to the Jury was confusing in that the Jurors did not realize that a judgment against both Defendants did not mean that each would be responsible for one-half the amount.

■ Tucker's brief does not address this alleged error. The alleged errors in the court's charge that are addressed in the brief are not included in the motion for new trial and thus cannot be considered. T.R. A.P. 3(e). *Cordell v. Ward School Bus Mfg., Inc.*, 597 S.W.2d 323 (Tenn.App.1980).

■ Tucker's fourth and final issue presented for review concerns the alleged error of the trial court "in allowing a judgment to stand in favor of defendant Lawrence Brown on the cross-complaint." We look again to the motion for new trial and while we do not find this issue presented in its present form, we suppose a strained reading of the motion could result in construing it to allege error by the trial court for not directing a verdict for Tucker on her cross-claim against Brown. From our

reading of the cross-complaint allegations, we perceive that Tucker and Brown had signed a written contract and that this contract contained a provision indemnifying Tucker. However, the contract was not made a part of the record on appeal, is not before the court and, therefore, we have no way of knowing the terms and provisions thereof. It is clear from the record, however, that Tucker, relying on the terms of the contract, did not make a motion for a directed verdict against Brown at the conclusion of the proof and this failure is fatal to review on this issue. *See* Tenn.R.Civ.P. 50.02. *Johnson v. Woman's Hospital,* 527 S.W.2d 133 (Tenn.App.1975).

For the reasons stated, we find Tucker's assertions on the issues presented for review to be without merit. Consequently, we affirm the judgment of the trial court and remand this case for such other proceedings as necessary. Costs are assessed against appellant.

NEARN, P.J.W.S., and TOMLIN, J., concur.