# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 2000 Session

## ELLA FRANCES PRUETT v. WAL-MART STORES, INC.

**A Direct Appeal from the Chancery Court for Madison County**
No. 50067     **The Honorable Whit LaFon, Circuit Judge (retired), Sitting by Designation**

---

**No. W1999-01026-COA-R3-CV - Filed August 17, 2000**

---

Plaintiff sued employer under Americans With Disabilities Act and case was tried before a jury. After a jury verdict for plaintiff, defendant moved for judgment notwithstanding the verdict which the court granted. Plaintiff has appealed. The record reflects that defendant failed to move for a directed verdict at the conclusion of all of the evidence and also reflects that no judgment was entered on the jury verdict. Appeal dismissed.

**Tenn.R.App.P. 3; Appeal as of Right; Appeal Dismissed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Hite McLean, Jr., Memphis, For Appellant, Ella Frances Pruett

Charles H. Barnett, III; Michael L. Russell, Jackson, For Appellee, Wal-Mart Stores, Inc.

## MEMORANDUM OPINION[1]

---

This case, which is before us a second time, involves a claim under the federal Americans with Disabilities Act (hereinafter the ADA) . Plaintiff/appellant, Ella Frances Pruett (hereinafter

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Pruett) appeals the trial court's order granting the defendant's/appellee's, Wal-Mart's, motion to set aside the jury verdict.

On January 25, 1995, Pruett filed this lawsuit alleging violations of the ADA, the Discrimination in Employment Act (ADEA), the federal Employee Retirement Income and Security Act (ERISA), and the Tennessee Human Rights Act (THRA) based on Wal-Mart's failure to assign her to the position of answering telephones. Wal-Mart filed a motion for summary judgment, asserting that it had a legitimate, non-discriminatory reason for not assigning Pruett to a position answering the telephones. The trial court granted Wal-Mart's motion stating that the decision not to place Pruett in the telephone answering position was a business decision and had nothing to do with age, disability, or medical bills.

Pruett appealed the trial court's decision to this Court arguing that summary judgment was improper because she produced sufficient evidence to rebut Wal-Mart's alleged nondiscriminatory reason not to assign her to a telephone position. We affirmed the trial court's decision with regard to the claims under the ADEA, THRA, ERISA, and Pruett's ADA claim that she was not given the job because of Wal-Mart's discriminatory animus. However, based on the record at that time, we held that disputed issues of material fact remained regarding Pruett's claim under the ADA that Wal-Mart failed to accommodate her disability and remanded the case to the trial court.

Upon remand, the jury returned a verdict in favor of Pruett awarding her $7,500.00 in back pay. The defendant filed within thirty days of the jury verdict "Motion of Defendant Wal-Mart to Set Aside Jury Verdict." A memorandum filed in support of the motion is styled, "Memorandum In Support Of Defendant's Motion For Judgment Notwithstanding A Verdict." Thus, it is apparent that Wal-Mart is treating the motion as a motion for a judgment notwithstanding the verdict.

The only issue for review is whether the trial court erred in granting the judgment notwithstanding the verdict. We will not reach the merits of this issue for two reasons: First, the record reflects that no motion for a directed verdict was made at the conclusion of all of the evidence. Significantly, Wal-Mart's motion itself states that Wal-Mart moved for a directed verdict at the close of plaintiff's proof.

A motion for a directed verdict must be made at the conclusion of the proof in order for it to be considered by the trial court on a post-trial motion and by the Court of Appeals on appeal. *See Potter v. Tucker*, 688 S.W.2d 833 (Tenn. Ct. App. 1985); Tenn.R.Civ.P. 50.02; 4 *Tennessee Practice*, MacLean, Bonnyman and Brandt (3 ed.) § 50:4.

Second, the record reflects that the trial court has not entered judgment on the jury verdict. Thus, there is no final judgment from which the appeal lies. *See* T.R.A.P. 3(a).

Accordingly, the appeal is dismissed without prejudice. Costs of appeal are assessed to appellant, Ella Frances Pruett.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.