IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2003 Session

## GAIL ALLEN, ET AL. v. SATURN CORPORATION, ET AL.

**Appeal from the Circuit Court for Maury County**
**No. 6677     Jim T. Hamilton, Judge**

————————————

**No. M2002-01238-COA-R3-CV - Filed September 4, 2003**

————————————

Appellants, Gail and Larry Allen, sustained injuries when a tent collapsed during a thunderstorm at a Homecoming at the Saturn Corporation in Spring Hill. They brought suit for their injuries caused by negligence in maintenance and construction of the tent. They dismissed or settled their claims with all Defendants except Saturn Corporation. Saturn filed a Motion for Summary Judgment arguing that Appellants were unable to establish a prima facie case of the Appellee's negligence. The trial court granted Appellee's Motion for Summary Judgment. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and MARIETTA M. SHIPLEY, SP. J., joined.

Michael D. Galligan and Richard A. Dorris, McMinnville, Tennessee, for the appellants, Gail Allen and Larry Allen.

Nancy S. Jones, Mark W. Peters, and Eileen E. Burkhalter, Nashville, Tennessee, for the appellee, Saturn Corporation.

## OPINION
### I.

Appellants, Gail and Larry Allen, were injured while attending the Saturn Homecoming on June 25, 1994. In a violent thunderstorm, the Appellants took refuge in a tent displaying various Saturn automobiles. They subsequently took cover in one of the automobiles. The tent collapsed due to an accumulation of water, and a tent pole hit the passenger's side of the automobile. The Allens were both injured as a result of the incident.

On June 21, 1995, the Appellants filed their complaint in Maury County Circuit Court against The Party Place, Academy Tent & Canvas and Appellee, Saturn Corporation. The Complaint stated the following:

> 6. Plaintiffs allege that the Defendants were negligent in failing to secure the tent prior to the event and allowing it to collapse under the water from the thunderstorm.
> 7. Plaintiffs allege that the tent or instrumentality supporting the tent was completely within the control of the Defendants and that said tent could not collapse or fall in the absence of negligence and that Plaintiffs were completely free of negligence on their part.

Appellants dismissed Academy Tent & Canvas from the litigation in November 17, 1995. After years of discovery, Appellants entered into a Settlement Agreement with The Party Place on April 7, 1998.

Saturn filed a Motion for Summary Judgment on March 18, 2002. This Motion read in part:

> Plaintiffs claim that Saturn's averred negligence caused them to suffer injuries when a tent ("the Tent") collapsed after accumulating rainfall during a sudden and unexpected thunderstorm during the Saturn Homecoming event in 1994 ("the Homecoming"). Plaintiffs have resolved and compromised their claims against the other former defendants in this cause, leaving for trial only those injuries caused by Saturn's "sole negligence."
>
> Plaintiffs cannot establish a prima facie case of negligence against Saturn and thus Saturn's Motion for Summary Judgment must be granted as a matter of law. First, Saturn owed no duty to Plaintiffs to secure the Tent and prevent it from collapsing because it hired The Party Place as an independent contractor to install, secure and maintain the Tent. Second, even if Saturn owed a duty to Plaintiffs, it is undisputed that Saturn exercised ordinary care and diligence in maintaining the Saturn Homecoming site in a safe condition for the Homecoming attendees and Plaintiffs cannot prove that Saturn breached any duty it owed to them. Third, regardless of whether Saturn owed a duty to Plaintiffs or breached it, Plaintiffs cannot establish, as they are required, that Saturn was the legal or proximate cause of their alleged injuries because those claimed injuries were caused, if at all, by the sudden thunderstorm, drenching rainstorm and gusting winds, all of which Tennessee courts have recognized constitute an "Act of God." Moreover, even if Plaintiffs' injuries were caused by a combination of an Act of God and some party's negligence, Plaintiff cannot prove that negligence to be Saturn's alone. For each of these reasons, summary judgment is required as a matter of law.

The Allens then filed a Motion to Amend their Complaint pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure on April 12, 2002.  Appellants attempted to add additional allegations of Appellee's negligence in failing to set up adequate warning systems, a safe place to go in the event of a storm, adequate emergency services, and that Appellee had a non-delegable duty to provide such services.  On April 23, 2002, the trial court granted Appellee's Motion for Summary Judgment because Appellants did not file responses and opposing affidavits until the day of the hearing.

Appellants subsequently filed a Motion to Alter or Amend Judgment on May 10, 2002.  The trial court denied this motion in an Order filed June 20, 2002.  This Order also denied Appellants' Motion to Amend their complaint.  Appellants appealed the trial court's orders.

## II.
### MOTION TO AMEND

We will address first the trial court's order denying the motion to amend.  Rule 15.01 of the Tennessee Rules of Civil Procedure provides that "[a] party may amend his pleadings once as a matter of course at any time before a responsive pleading is served . . . otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court . . . ."  *See Wilson v. Ricciardi,* 778 S.W.2d 450, 453 (Tenn. Ct. App.1989).  The rule provides that permission to amend may be liberally granted, but the decision is within the sound discretion of the trial court, and will not be reversed unless abuse of discretion has been shown. *Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. Ct. App.1994).

The trial court denied the motion by written opinion in an Order filed June 20, 2002.  The opinion stated the court had reconsidered all pleadings, including the late filed response to the Summary Judgment Motion.  This order stated:

> First, Plaintiff's Motion to Amend paragraph seven of the Complaint was not based upon the discovery of any new evidence, and indeed, to the contrary, was filed in an apparent attempt to defeat Defendant's Motion for Summary Judgment, a tactic that is not proper or permissible under well-established Tennessee law.  Saturn would be unduly and irreparably prejudiced by permitting Plaintiff's proposed amendment at this late date on the eve of trial.
>
> Second, the averments contained in Plaintiff's proposed amended paragraph seven are new and different from the averments in their original Complaint.  As a matter of law, Plaintiff's proposed new claims do not relate back to the filing date of the original Complaint because they did not arise out of the same transaction or occurrence, and thus are barred by the applicable one-year statute of limitations. Plaintiffs' Motion to Alter or Amend the Court's Order denying Plaintiffs' Motion to Amend paragraph 7 of the Complaint is denied.

Clearly, the trial court found several reasons for denying Appellants' Motion to Amend. In *Merriman v. Smith*, 599 S.W.2d 548 (Tenn. Ct. App. 1979), we analyzed the issue of when a trial court can properly deny a motion to amend. We stated:

> Some of the broad and legitimate factors a trial judge should weigh in considering a Motion to Amend: Undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment.

*Merriman*, 599 S.W.2d at 559 (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973)).

We find that the trial court did not abuse its discretion in denying the motion to amend. The Motion to Amend was filed seven (7) years after the original complaint. The only explanation for the delay was that the plaintiffs' had to face Saturn's motion for summary judgment. If the Motion to Amend were granted, it might defeat Saturn's Motion for Summary Judgment. Such a chain of events would definitely lead to undue prejudice to Saturn since the amendment added new theories of liability seven years after the filing of the complaint, and would essentially mean that the parties had to start over. The combination of undue delay and prejudice to the other party are good reasons to deny a motion to amend. *Merriman*, 599 S.W.2d at 559.

## III.
### MOTION FOR SUMMARY JUDGMENT

Upon review of a grant of summary judgment, this Court must determine whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). As this inquiry involves purely a question of law, our review is *de novo* without a presumption of correctness. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Summary judgments are appropriate only where there is no genuine issue of material fact relevant to the claim or defense contained in the motion and the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See* Tenn. R. Civ. P. 56.03; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 36 (Tenn. 1995). Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993).

The Appellee filed its Motion for Summary Judgment with a Statement of Undisputed Material Facts and Affidavits on March 18, 2002. The Appellants filed their Response to Defendants' Motion for Summary Judgment on April 18, 2002. The trial court initially granted the Appellee's Motion for Summary Judgment by an order dated April 23, 2002. This order stated that the trial court granted the motion because Appellants failed to file their responses and opposing affidavits within five (5) days before the hearing as required by Tennessee Rules of Civil Procedure

Rules 56.03 and 56.04. The trial court stated that these documents were not filed until the day of the hearing. The Appellants then filed a Motion to Alter or Amend Judgment. The trial court filed a second order on June 20, 2002 denying the Motion to Amend the complaint and granting the Motion for Summary Judgment on other grounds. With regard to the Motion for Summary Judgment, this order stated:

> In consummating their settlement agreement with The Party Place, Plaintiffs settled or dismissed all claims in this suit except a single claim against Saturn for negligence in failing to secure the Tent and allowing it to collapse. Plaintiffs cannot establish a prima facie case that Saturn was negligent. Therefore, since the only claim remaining in this case is for the negligence of Saturn, summary judgment is appropriate. Plaintiffs' claim for negligence fails for the following reasons, each of which independently is a legally sufficient basis to grant Defendant's Motion.
>
> First, it is undisputed that Saturn entered into an independent contractor arrangement ("the Contract") with The Party Place and pursuant to the Contract. The Party Place had the legal duty to avoid harm to invitees relating to the selection, construction, erection and maintenance of the Tent. It is further undisputed that The Party Place contracted to erect and maintain the tents and to indemnify Saturn in the event any claim arose from the erection or maintenance of the Tent. In other words, Saturn owed no special duty to Plaintiffs because Saturn had contracted away this duty to The Party Place, an independent contractor. It is well established Tennessee law that a party such as Saturn here is not liable for the negligence of its independent contractor, such as The Party Place.
>
> Second, even assuming arguendo Saturn owed some duty to Plaintiffs, Saturn did not breach that duty. It is undisputed on the record before this Court that Saturn engaged in extensive preparations and procedures for the Homecoming Event, each of which satisfied any general duty that Saturn had to Plaintiffs. It is undisputed that Saturn had no special knowledge of the Tent, its materials or its set-up procedures to impose any additional duty upon Saturn.
>
> Third, it is undisputed that Saturn was not the legal cause of Plaintiff's injuries. The unusual and sudden thunderstorm that descended upon Spring Hill, Tennessee, on June 25, 1994, was clearly an Act of God as that term is defined by Tennessee law. The rain and wind it created at least partly contributed to the injuries of Plaintiffs. Any actions on the part of Saturn were simply not the legal cause of Plaintiff's injuries . . . .

We agree that the trial court properly granted summary judgment to Saturn. Even if we assume the trial court erred by initially denying the Summary Judgment based upon the late-filed response, this error was harmless since the court considered all pleadings in the Motion to Alter or Amend. The court decided the issue correctly. The response does not refute the undisputed facts

(1) that Saturn had no knowledge of any danger posed by the use of the tent; and (2) that the tent was furnished and erected by an independent contractor.

We have reproduced the only allegations of negligence against Saturn in paragraphs 6 and 7 of the complaint. The cryptic allegations seem to say that Saturn is liable under a theory of res ipsa loquitor or under a theory of strict liability. The plaintiffs do not argue either theory. But construing the complaint in the light most favorable to the plaintiffs, we will view the allegations as a general claim that Saturn violated a duty of care owed to the plaintiffs as Saturn's invitees.

It is not clear from the record where, or how, the tent was defective. The plaintiffs argue that because it collapsed in a thunderstorm, Saturn violated a duty of care to them. Again, this sounds like an argument that Saturn was strictly liable for the collapse. But the law in Tennessee has long held that a premises owner owes to an invitee only a duty of reasonable care under all the circumstances. *See Hudson v. Gaitan*, 675 S.W.2d 699 (Tenn. 1984). This duty requires the owner to either remove or warn against any latent dangerous condition on the premises of which the owner is aware or should have been aware through the exercise of reasonable diligence. *See Eaton v. McClain*, 891 S.W.2d 587 (Tenn. 1994). In other words, "an owner is not an insurer against accident or injury arising from the condition of a building upon his or her premises. Furthermore, an owner of a building is not liable for injuries occasioned by latent defects which are either concealed in defective workmanship or are incidental to the ordinary wear and tear of houses and of which the owner had no notice." *See* 62A Am. Jur. 2d *Premises Liability* § 722.

So, by failing to show what the defect in the tent was, if any, and what notice Saturn had of the defect, the plaintiffs have not shown that Saturn violated a duty of care to them.

Saturn argues that since the tent was erected by an independent contractor, that fact alone relieves Saturn of any liability. In this argument Saturn relies on the general rule that an employer is not liable for the negligence of an independent contractor, which we have recognized in many cases. *See Powell v. Virginia Construction Co.*, 13 S.W. 691 (Tenn. 1890); *Potter v. Tucker*, 688 S.W.2d 833 (Tenn. Ct. App. 1985); *Cleveland Wrecking Co. v. Butler*, 421 S.W.3d 380 (Tenn. Ct. App. 1967); *International Harvester Co. v. Sartain*, 222 S.W.2d 854 (Tenn. Ct. App. 1949). But we think the rule has only a limited application here. Nearly all structures are built by independent contractors, and if the contractor builds an unsafe structure the landowner may be liable if he/she is aware that the structure is unsafe and does nothing to correct the defect or warn persons who might come within the zone of danger.

Therefore, notice to the property owner is still the key to liability. Since the undisputed facts show that Saturn had no notice of any danger relative to the use of the tent, summary judgment in its favor was proper.

For the reasons stated above we affirm the decision of the trial court and remand the cause to the Circuit Court of Maury County. The costs of this appeal will be taxed to Appellants, Gail and Larry Allen.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.