# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 22, 2009 Session

## BETHANY A. ADKINS v. ROBIN SWENSEN

**Appeal from the Circuit Court for Davidson County**
**No. 05C-1467      Joseph P. Binkley, Jr., Judge**

---

**No. M2009-00224-COA-R3-CV - Filed October 8, 2009**

---

Driver of automobile which struck pedestrian appeals jury award of damages for future pain and suffering, asserting that there is no material evidence to support the award.  Finding the verdict of the jury to be supported by the evidence we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Joseph M. Huffaker and Daniel W. Olivas, Nashville, Tennessee, for the appellant, Robin R. Swenson.

Henry S. Queener, Nashville, Tennessee, for the appellee, Bethany A. Adkins.

### MEMORANDUM OPINION[1]

Bethany Adkins brought suit against Robin Swenson, driver of an automobile which struck Ms. Adkins as she crossed a street, seeking to recover damages for injuries and losses sustained. Following a trial, the jury returned a verdict in favor of Ms. Adkins, determining Ms. Swenson to be 70% at fault and awarding Ms. Adkins damages (prior to the application of the comparative fault adjustment) as follows:

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

| | |
|---|---|
| Medical Expenses: | $ 46,265.80 |
| Pain and suffering - past: | 100,000.00 |
| Pain and suffering - future | 35,000.00 |
| Permanent injury | 0.00 |
| Loss of enjoyment of life - past | 50,000.00 |
| Loss of enjoyment of life - present | 0.00 |
| | |
| Total | $231,265.80 |

Ms. Swenson filed a motion seeking a new trial or, alternatively, a remittitur, which the trial court denied. Ms. Swenson appeals, contending that the $35,000.00 award for future pain and suffering is not supported by material evidence. Ms. Adkins asserts that Ms. Swenson has waived the issue because she failed to move for a directed verdict on the issue of damages for future pain and suffering and, further, failed to specifically include the insufficiency of the evidence to support such an award in her motion for new trial.[2]

## I. DISCUSSION

### A. Waiver

Ms. Adkins contends that, because Ms. Swenson did not move for a directed verdict on the issue of damages for future pain and suffering and did not specifically raise the issue in her motion for a new trial, the issue has been waived.

We do not agree that the failure of Ms. Swenson to make a motion for directed verdict on this issue is fatal to her right to appeal.[3] While she had the ability to include the asserted failure of proof of damages for future pain and suffering in the motion she made at the close of Ms. Adkins' proof, nothing in Rule 50, Tenn. R. Civ. P., requires such a motion to be made as a prerequisite to either a trial court's or this court's review of the sufficiency of the evidence to support a jury's determination, which we consider Ms. Swenson's issue on appeal to be. In the cases relied upon by Ms. Adkins in support of this proposition, *Johnson v. Woman's Hospital,* 527 S.W.2d 133 (Tenn. Ct. App. 1975) and *Potter v. Tucker,* 688 S.W.2d 833 (Tenn. Ct. App., 1985), the action of the trial court in denying motions for directed verdict made at the close of plaintiff's proof were the grounds

---

[2] Ms. Adkins asserts in her brief on appeal that there is a "procedural conundrum" in that there is a motion to reduce the amount of the "supersedeas bond" filed by Ms. Swenson pending in the trial court and contends that "[t]his procedural problem may lead to the defendant trying to raise questions as to the finality of whatever action this Court takes if this Court's actions [sic] adverse to the defendant." Ms. Adkins has not filed a motion with this court requesting relief relative to any such motion and the record on appeal does not reflect any pending motions with the trial court. Absent same, there is no "procedural conundrum" which necessitates our consideration of anything other than the merits of this appeal.

[3] Ms. Swenson did move for a directed verdict on the issue of whether the proof showed negligence on her part.

for appeal. In *Potter* this court determined that any error had been waived by the failure of the defendant to renew the motion at the close of all proof.[4] *Johnson v. Woman's Hospital* held that a motion for directed verdict was waived "when the defendant elected to adduce its proof after the motion was overruled." 527 S.W.2d 133 at 137. Thus, neither case stands for the proposition urged by Ms. Adkins and, in any event, they are factually distinct.

Likewise, the failure to specifically raise the issue in the motion for new trial does not prohibit our review. One ground of the motion for new trial was the general assertion that the verdict was excessive. The body of the motion included the following text:

> According to the testimony of Dr. Gaw by deposition, she [Ms. Adkins] had no restrictions.
>
> Considering the testimony of the Plaintiff which revealed that she ended her medical treatment some 8 months following the accident of which there was really no substantial medical care until the surgery in August 2004 which was 3 months following the accident and receiving excellent medical care and result as testified by Dr. Gaw and by Plaintiffs [sic] own admissions that she is able to function in a 14 hour shift at Wildhorse Saloon and give 3-5 tours a day on her feet in her job, it appears the verdict was excessive and beyond the range of reasonableness. How the jury arrived at $100,000.00 for pain and suffering $50,000.00 for lost enjoyment of life seems grossly inconsistent with the evidence at trial as well as $35,000.00 for future pain and suffering in light of zero award for future lost enjoyment of life and permanent injury.

While the issue as specifically raised by Ms. Swenson in this appeal may not have been articulated in the new trial motion to the degree of specificity advocated by Ms. Adkins, the quoted language fairly apprises Ms. Adkins and the court that the sufficiency of the evidence to support the $35,000 award was questioned.[5]

## B. Sufficiency of the Evidence

This case was tried to a jury; consequently, our task is to determine whether there is any material evidence to support the jury's award of damages for future pain and suffering. *See Harper v. Watkins*, 670 S.W.2d 611, 631 (Tenn. Ct. App. 1983); *Lassetter v. Henson*, 588 S.W.2d 315, 317 (Tenn. Ct. App. 1979); *see also* Tenn. R. App. P. 13(d). "We must take the strongest legitimate view of all the evidence to uphold the verdict, assume the truth of all that tends to support it and discard all to the contrary. We are bound to allow all reasonable inferences to sustain the verdict, and, if there is any material evidence to support the verdict, we must affirm." *Harper*, 670 S.W.2d at 631.

---

[4] *Potter* cited *Johnson v. Woman's Hospital* for the proposition that a motion for directed verdict "must be made at the conclusion of all the proof in order for it [the motion] to be considered by the trial court and by this court on appeal." 688 S.W.2d 833 at 835.

[5] We have no transcript of the hearing on the motion.

We do not reweigh the evidence. *See Electric Power Bd. v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985).

Medical proof of the nature and extent of, and treatment for, Ms. Adkins' injuries was introduced through the testimony of Dr. David Gaw, who examined her on December 19, 2007, approximately three and one-half years after the accident.[6] The proof was that Ms. Adkins had surgery to repair a torn anterior cruciate ligament and lateral meniscus tear at her right knee; Dr. Gaw detailed the course of such surgery. Ms. Adkins had an extensive period of rehabilitation and, at the time of her examination by Dr. Gaw, had what was he characterized as a good surgical outcome. He noted that she retained soreness and tenderness around the knee, as to which he stated:

> A. It's not normal to have tenderness except, of course, tenderness can come and go. That just may mean a flare-up of tendonitis or irritation that can come and go, but certainly, it's not normal to be tender two years after a surgery
> Q. And is that tenderness something that will completely resolve given some more time, or do we just not know?
> A. Well, I don't think we know. It may just come and go. I don't think its of any significance, other than just discomfort, but it may wax and wane or come and go. It may always be there. I don't know any way to really tell for sure.
> . . .
> Q. And do you have an opinion what caused Ms. Adkins' knee injury and necessitated this knee surgery?
> A. The vehicle hitting her crossing the street on 5/19/04 is the most likely cause.

Ms. Adkins also testified as follows:

> Q. As you sit here today do you have any problem still with the knee?
> A. Yes, yes. It hurts a lot when it's cold and it also hurts when I drive for long periods of time, which at that time I was driving between Nashville and Oxford. I don't drive that long periods of time anymore. Also, when I work at the Wild Horse, I work 14-hour shifts, which I'm on my feet 14 hours by the end of that it aches quite a bit.
> Q. The pain you're talking about is this acute stabbing pain or a dull aching pain?
> A. It's more of a dull aching pain.
> . . .

---

[6] Counsel for Ms. Adkins premised his examination of Dr. Gaw with the following:

> Q. Now, Doctor, before we get much further into your deposition, I want to make sure that all your answers are to a reasonable degree of medical certainty. If you can't give me an answer to a reasonable degree of medical certainty, will you, please, let me know?
> A. Yes.

Q. As you sit here today is your right knee as good as it was before you got hit in the crosswalk?

A. No and it never will be. That's something that I have to live with.

The foregoing is material evidence in support of the jury's award of damages for future pain and suffering and is consistent with the instructions given the jury.

Ms. Swenson asserts that the jury's failure to award damages for permanent injury[7] undermines the award of damages for future pain and suffering. There is, however, nothing inconsistent with the jury's determination not to award Ms. Adkins damages for permanent injury but, by virtue of the injury she did receive, to make an award for future pain and suffering which, as noted above, was supported by material evidence in the record.

## II. CONCLUSION

Upon the foregoing basis, the verdict of the jury and the judgment of the trial court entered thereon is affirmed.

Costs of this cause are assessed to Ms. Swenson.

_____

RICHARD H. DINKINS, JUDGE

---

[7] Dr. Gaw assigned a permanent impairment rating of 9% to the right leg.