IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 10, 2024 Session

## SHERYL GALISON v. JENNIFER BROWNELL ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-5116-21     Mary L. Wagner, Judge**

_____

### No. W2023-00526-COA-R3-CV

_____

After a jury trial, Appellant received a $500.00 award. She then moved for a judgment notwithstanding the verdict based on the exclusion of certain testimony, which the trial court denied. On appeal, Appellant again argues that the trial court erred in excluding the testimony. Because Appellant failed to properly raise these issues post-trial, the issues are waived, and the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Anthony C. Bridgeforth, Jr., West Memphis, Arkansas, for the appellant, Sheryl Galison.

Paul Todd Nicks, Germantown, Tennessee, for the appellees, Jennifer Brownell, and Amelia Fletcher.

### MEMORANDUM OPINION[1]

---

[1]     Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/Appellant Sheryl Galison ("Appellant") filed the operative complaint in the Shelby County Circuit Court ("the trial court") on December 28, 2021. Therein, Appellant alleged that in May 2017, Defendant/Appellee Amelia Fletcher backed a minivan belonging to Defendant/Appellee Jennifer Brownell (together with Ms. Fletcher, "Appellees") into the vehicle being driven by Appellant. Appellant alleged negligence and negligence per se against Ms. Fletcher and alleged that Ms. Fletcher's negligence should be imputed to Ms. Brownell.[2] Appellant requested $250,000.00 in damages.

In July 2022, Appellant designated Dr. Robert H. Miller "to offer testimony as a treating and expert witness in the field of orthopedics." Appellees' subsequent expert disclosures included Dr. Miller and Dr. Arsen Manugian. Both parties reserved the right to rely on the other's witnesses.

Pursuant to multiple motions filed by Appellees, at the pre-trial conference, the trial court excluded (1) the testimony of Drs. Miller and Manugian and (2) any testimony by Appellant "as to causation, medical treatment, [or] medical expenses[.]" Appellant could not testify "as to her medical treatment or causation thereof[,]" but she was allowed to "testify as to injuries and their effects which would be obvious to a lay person; such as back pain."[3]

The matter was heard by a jury on February 27, 2023.[4] The jury returned a verdict in favor of Appellant, awarding her $500.00 for past loss of enjoyment of life.

Appellant filed a motion for judgment notwithstanding the verdict on March 2, 2023. Therein, Appellant argued that the jury award was affected by the trial court's exclusion of the testimony of Drs. Miller and Manugian as to the causation of her injuries and the necessity and reasonableness of her treatment, and her own testimony as to her efforts to seek medical treatment and the amount of her medical bills.

After a hearing, the trial court denied Appellant's motion for judgment notwithstanding the verdict by order of April 5, 2023. Appellant thereafter filed a timely appeal.

## II. DISCUSSION

---

[2] The complaint also included a loss of consortium claim on behalf of Ms. Galison's husband. This claim was later nonsuited.

[3] The rulings from the pre-trial conference were later incorporated into written orders entered March 6, 2023.

[4] No transcript or statement of the evidence from the trial or any of the other hearings conducted in this case is included in the record on appeal.

On appeal, Appellant asks us to consider whether the trial court abused its discretion by (1) "excluding the expert testimony of Orthopaedic Surgeons Miller and Manugian"; and (2) "excluding the testimony of [Ms.] Galison towards the causation of her injuries[.]" Questions regarding the admission of testimony generally fall within the discretion of the trial court and are generally reviewed under an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004).

In all cases tried by a jury, however, Rule 3 of the Tennessee Rules of Appellate Procedure explicitly provides that "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." Tenn. R. App. P. 3(e). As Appellees note in their brief, Appellant failed to file a motion for new trial; Appellant is accordingly barred from raising any issues related to the exclusion of evidence on appeal. *See Flynn v. Shoney's, Inc.*, 850 S.W.2d 458, 461 (Tenn. Ct. App. 1992) ("[T]he plaintiff is precluded from raising any issues on appeal concerning front pay because he failed to raise these issues in a timely motion for new trial after the jury verdict."); *Buckner v. Hassell*, 44 S.W.3d 78, 82 (Tenn. Ct. App. 2000) ("With respect to the Trial Court's exclusion of Dr. Googe's testimony, we find that this matter is not properly before this Court. Plaintiff failed to raise this issue in her Motion for New Trial, and as a result, waived this issue for purposes of appeal."); *McDonald v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2004-02852-COA-R3-CV, 2006 WL 846000, at *3 (Tenn. Ct. App. Mar. 31, 2006) ("Metro additionally contends it did not waive its challenge because it objected to the jury instruction regarding the issue. This contention is without merit because Metro did not raise this issue in its motion for a new trial.").

Here, Appellant's only post-trial motion was a motion for judgment notwithstanding the verdict, filed after the jury rendered its verdict in her favor and raising similar issues regarding the exclusion of testimony. There are three issues with this filing. First, a judgment notwithstanding the verdict is not the proper motion to dispute an evidentiary ruling by the trial court. Second, to the extent that Appellant attempted to file a motion notwithstanding the verdict, she failed to comply with the prerequisites for relief on that motion. And finally, even if we were to treat Appellant's motion as a motion for a new trial, it fails to meet the specificity requirement set out in Rule 3(e).

As an initial matter, we note that a post-trial motion for judgment notwithstanding the verdict "is generally restricted to two specifications of error. One is that there is no evidence to support the jury's verdict. The other is that the record indicates without doubt that the defendant has established a defense which constitutes a bar to the plaintiff's cause of action." *Rupe v. Durbin Durco, Inc.*, 557 S.W.2d 742, 748 (Tenn. App. 1976), *overruled on other grounds by Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn. 1980). *Compare id.* ("A motion for new trial in Tennessee provides the trial judge with an opportunity to correct errors and thus prevent unnecessary appeals."); *see also Steele v.*

***Columbia/HCA Health Care Corp.***, No. W2001-01692-COA-R3-CV, 2002 WL 1000181, at \*3 (Tenn. Ct. App. May 13, 2002) ("The question of whether evidence is sufficient to support a jury verdict is tested by a motion for a directed verdict . . . . In contrast, a motion for a new trial is utilized to correct alleged errors the court made during trial."). As a result, a motion for new trial was the proper vehicle for challenging the trial court's evidentiary rulings. Because Appellant admittedly failed to file such a motion, her evidentiary issues are waived.

To the extent that Appellant chose to utilize a motion for judgment notwithstanding the verdict to raise her post-trial issues, she also did not follow the proper procedure in doing so. Such a motion is contemplated by the Tennessee Rules of Civil Procedure as the complement to a Rule 50.01 motion for directed verdict. *See* Tenn. R. Civ. P. 50.01 ("A motion for directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case."); Tenn. R. Civ. P. 50.02 ("Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion."); *see also **Goree v. United Parcel Serv., Inc.***, 490 S.W.3d 413, 429 n.4 (Tenn. Ct. App. 2015) (noting that a Rule 50.02 motion may be referred to as both a "judgment in accordance with a motion for a directed verdict" or a "judgment notwithstanding the verdict"). "Technically, the rule permits a trial judge to take a motion for a directed verdict under advisement without granting or denying it at trial and allows the moving party to request a ruling on the motion after the jury has returned its verdict." ***In re Estate of Link***, 542 S.W.3d 438 (Tenn. Ct. App. 2017) (citing Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 12–1(c) (4th ed. 2015)).

However, the Rule 50.02 motion "must be made at the conclusion of all the proof in order for it to be considered by the trial court on a post trial motion and by this court on appeal." ***Potter v. Tucker***, 688 S.W.2d 833, 835 (Tenn. Ct. App. 1985) (citing Tenn. R. Civ. P. 50.02; Tenn. R. App. P. 3; ***Johnson v. Woman's Hosp.***, 527 S.W.2d 133 (Tenn. Ct. App. 1975)). The record contains nothing to indicate that Appellant moved for a directed verdict before the case was submitted to the jury. This failure therefore waived Appellant's evidentiary issues. *See **McDonald***, 2006 WL 846000, at \*3 ("Metro failed to renew its motion for a directed verdict at the close of all the evidence. Failing to do so constituted a waiver of the issue.").

Finally, even if we were to treat Appellant's motion as a motion for a new trial, the motion still fails because it lacks the necessary specificity. *Cf.* ***Tenn. Farmers Mut. Ins. Co. v. Farmer***, 970 S.W.2d 453, 455 (Tenn. 1998) (noting that courts interpreting the effect of post-trial motions must "consider the substance of a post-trial motion, rather than its form[,]" and that appellate review is therefore not limited by the name a party gives its motions"); *see also **Bemis Co. v. Hines***, 585 S.W.2d 574, 575 (Tenn. 1979) (holding that the plaintiff's "Motion to Set Aside Decree and Restore the Cause to the Docket" was, in

substance, a motion for new trial); ***State ex rel. Slatery v. Witherspoon Law Grp. PLLC***, No. E2021-01343-COA-R3-CV, 2022 WL 17828855, at \*14 (Tenn. Ct. App. Dec. 21, 2022) (considering the defendants' "Motion to Alter or Amend or to Grant a Directed Verdict or Judgment Notwithstanding Verdict" as a motion for new trial).

However, when we determine that a post-trial motion more aptly constitutes a motion for new trial in substance, the procedural requirements of a motion for new trial must also be applied. In ***Johnson v. Ford***, we interpreted a motion for judgment notwithstanding the verdict or to alter or amend as a motion for new trial, as certain issues on appeal involved, in part, whether the trial court erred in submitting certain questions to the jury. No. E2011-00486-COA-R3-CV, 2012 WL 1253269, at \*8, 10 (Tenn. Ct. App. Apr. 12, 2012). Yet, we found that these issues were still waived under Tennessee Rule of Appellate Procedure 3(e), as none of the issues "were specifically stated in [the p]laintiffs' post-trial motion sufficient to satisfy the standard set out by our Supreme Court as discussed in ***Fahey v. Eldridge***[.]" *Id.* at \*11 (citing ***Fahey v. Eldridge***, 46 S.W.3d 138, 142–43 (Tenn. 2001)); *see* Tenn. R. App. P. 3(e) (stating that "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . *unless the same was specifically stated* in a motion for a new trial" (emphasis added)).

In determining the degree of specificity required by Rule 3(e), the Court in ***Fahey*** opined as to the following requirements:

> First, the motion should contain a concise factual statement of the error, "sufficient to direct the attention of the court and the prevailing party to it." [***Memphis St. Ry. Co. v.***] ***Johnson***, 114 Tenn. [632,] 644, 88 S.W. [169,] 170–71. Under this standard, it is clearly improper to simply allege, in general terms, that the trial court committed error, either by taking some action or by admitting or excluding evidence; rather, the motion should identify the specific circumstances giving rise to the alleged error so that it may be reasonably identified in the context of the entire trial. *See **State v. Ashburn***, 914 S.W.2d 108, 114 (Tenn. Crim. App. 1995). Accordingly, a well-drafted motion alleging improper admission or exclusion of testimony, for example, should identify the witness giving the testimony and provide a short and plain summary of the testimony improperly admitted or excluded. . . .
>
> Second, as it is well-settled in law that a general objection is usually not sufficient to assign error, Tenn. R. Evid. 103(a)(1); ***Jack M. Bass & Co. v. Parker***, 208 Tenn. 38, 48, 343 S.W.2d 879, 883 (1961), the motion should also contain a specific legal ground alleged for the error. Accordingly, in addition to setting forth a concise statement of the factual grounds, a well-drafted motion for a new trial should also identify, with reasonable clarity, the legal ground upon which the trial court based its actions and contain a concise statement asserting the legal reasons why the court's decision was

improper. However, because motions for a new trial should not be expanded "into all the voluminosity of 'briefs' and printed arguments," *National Hosiery & Yarn Co. v. Napper*, 124 Tenn. 155, 171, 135 S.W. 780, 784 (1911), the movant is not required to identify such errors in the motion with the same precision expected in the appellate courts. Therefore, precise citation to a rule, statute, or case as the legal ground for the alleged error is normally not required to preserve the issue for appeal under Rule 3(e), although to the extent that citation to authority aids in fairly bringing the legal nature of the error to the attention of the trial judge, such a practice ought to be encouraged.

*Fahey*, 46 S.W.3d at 142–43.

Here, while Appellant did not argue in her post-trial motion that the jury's verdict was not supported by the evidence—indeed, the verdict was in her favor—the result of a determination that the trial court erred in excluding testimonial evidence as argued by Appellant would be to vacate and remand for a new trial. So Appellant's motion could be interpreted, in substance, as a motion for new trial. *See Slatery*, 2022 WL 17828855, at *14.

And although somewhat sparse on details, by identifying the three witnesses excluded and the general purpose of the excluded testimony, Appellant's motion arguably contained an adequate factual basis for the alleged errors to bring the issues to the attention of the trial court. *See Fahey*, 46 S.W.3d at 142. However, Appellant's motion did not "contain a specific legal ground alleged for the error[,]" sufficient to meet Rule 3(e)'s specificity requirement. *Id.* at 143.

This Court reached a similar conclusion in *Fahey*, where the defendants' motion for new trial explained that their initial expert witness became unavailable, and "[a]lthough [a defendant] attempted to substitute [another expert], an expert on the same subject matter and for the same purpose, the Court disallowed his substitution, and the defendants were prevented from presenting evidence that [the plaintiff's] testimony concerning the dynamics of the fight were physically impossible. *Id.* at 146. On appeal, we concluded that "the motion [did] not assert the legal grounds relied upon by the court for excluding the expert, and it [did] not set forth any legal ground identifying why the court's exclusion was improper. Instead, the motion provide[d] only a general statement" that the defendants were prevented from presenting evidence. *Id.* The issue was deemed waived on appeal. *Id.*

In this case, Appellant's motion stated, in pertinent part:

During the process of the litigation of this case, there are several issues that substantially prejudiced [Appellant] causing an unjust jury verdict:

(1) On February 16, 2023, [Appellees'] Motion for Summary

- 6 -

Judgment was denied because [Appellees] could not negate the element of Causation of an Injury in this negligence case; however, at trial on February 27, 2023, the Court did not allow [Appellant] to establish causation of an injury;

(2) At the pre-trial conference on February 23, 20203, the Court held that the testimony of Orthopedic Surgeons Manugian and Miller would be withheld from the jury despite both medical doctors testifying to the causation of the patient's injures the necessity and reasonableness of her treatment, and both [Appellant] and [Appellees] agreeing to the statements of Dr. Manugian in [Appellees'] Statement of Facts in Support of [Appellees'] Motion for Summary Judgment.

. . . .

(5) Finally, at trial [Appellant] was not allowed to testify to her efforts to seek medical treatment after the car accident or the amount of medical bills that she incurred, which allowed Defense counsel to not only make numerous statements to the jury about the absence of medical proof in evidence, but to facilitate a false narrative that [Appellant] never sought medical treatment after the accident.

In spite of these discrepancies and effective handicaps placed on [Appellant], the jury still awarded compensation in favor of [Appellant]. Now, [Appellant] seeks judgment not withstanding the verdict because the aforementioned issues substantially affected the jury award.

As such, like in *Fahey*, the motion contained neither the trial court's legal reasoning for excluding the testimony nor any legal argument as to why the exclusion was an error. So, even when viewed as a motion for new trial, Appellant's post-trial motion waived consideration of these issues on appeal. *See Fahey*, 46 S.W.3d at 146 (noting that "the court will not find an error, even under a liberal interpretation of the motion, where no error has actually been alleged"); *see also Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *20 (Tenn. Ct. App. Aug. 6, 2018) (noting that "the decision in *Fahey* does not excuse litigants from the requirements of Rule 3(e), nor does it require this Court to consider issues that simply were not preserved for appellate review"). It is simply not this Court's responsibility to remedy a party's technical errors and also develop the legal basis for their argument. *See Malibu Equestrian Est., Inc. v. Sequatchie Concrete Serv., Inc.*, No. M2005-02954-COA-R3-CV, 2007 WL 2200171, at *4 (Tenn. Ct. App. July 30, 2007) (finding an issue waived where, in the post-trial motion, there were "no facts presented to identify any specific errors, and no legal grounds were stated as the basis for the errors[,]" concluding "[t]he substance of this motion is lacking, not merely its technical form").

In sum, Appellant's failure to appropriately utilize the available post-trial motions waives any substantive review of the issues she has raised on appeal. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party . . .

who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); Tenn. R. App. P. 36(a), Advisory Comm'n Comments ("The last sentence of this rule is a statement of the accepted principle that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error."). We accordingly affirm the trial court's decision to exclude the testimony of Drs. Miller and Manugian and Appellant.

### III. CONCLUSION

The judgment of the Shelby County Circuit Court is affirmed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this matter are taxed to Appellant Sheryl Galison, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE